# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JAMES ANDRE BLACK,

    Petitioner,

v.

CYNTHIA ENTZEL,

    Respondent.

Case No. EDCV 17-1158 MWF (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

    This is a habeas action brought by a federal prisoner. Petitioner claims he is entitled to sentence credits for time served in state custody before the start of his federal sentence.

    However, Petitioner failed to properly present or exhaust his claim administratively within the Bureau of Prisons before commencing the federal action. For this reason, the Court dismisses the action without prejudice.

**FACTS AND PROCEDURAL BACKGROUND**

    Petitioner is serving a 300-month federal prison term for bank robbery and assault. At the time of his federal sentencing in 2007, Petitioner was serving a state term of imprisonment. (Docket # 10 at 4.) The federal sentencing judge

expressly stated that Petitioner's federal sentence was to be "served consecutive to the undischarged state term of imprisonment." (Id.)

Beginning in late 2016, Petitioner filed requests with personnel at FCI Victorville to recalculate his sentence and give him credit for time served in state custody before beginning his consecutive federal sentence. After a staff member denied relief, Petitioner received a similar denial of his request from the warden of the institution in January 2017. (Docket # 10-1 at 14, 16.)[1]

Petitioner appealed the decision to the BOP's Western Regional Office (first-level appeal). That office rejected the appeal because Petitioner failed to provide copies of the underlying administrative request and the warden's decision. The regional office also rejected the appeal because it was untimely (not received within 20 days of the warden's decision) and without explanation for the delay. (Docket # 10-1 at 18.) Petitioner never resubmitted his first-level appeal. He also never sought a second-level administrative appeal to the BOP's General Counsel in Washington, D.C. (Docket # 10 at 3.)

Instead, Petitioner filed this petition for relief pursuant to 28 U.S.C. § 2241. The petition seeks an order from the Court directing the BOP to credit him for the time served in state custody. (Docket # 1 at 3.) The government moved to dismiss the action due to Petitioner's failure to exhaust his administrative remedies before initiating habeas review in federal court. The government argues that Petitioner still is entitled (and required) to pursue his first- and second-level administrative appeals. (Docket # 10 at 8-10.)

Petitioner claims that he filed his first-level appeal on time. Based on the BOP's rejection of the appeal, he contends that further administrative appeals

---

[1] The thrust of the adverse decisions was that the time Petitioner served in state custody was credited against his state sentence. The BOP staff concluded that Petitioner could not get "double credit" for this time against his federal sentence too. (Docket # 10-1 at 14); 18 U.S.C. § 3585(b).

2

would be futile, so this Court may consider the merits of his claim. (Docket # 12 at 2.)

**DISCUSSION**

**Applicable Law**

The BOP has administrative procedures for federal prisoners "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10-19 (2012); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). The regulations require an inmate to appeal an adverse administrative decision to the Regional Director of the BOP "within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15. An inmate "who is not satisfied with the Regional Director's response" may appeal to the BOP's General Counsel. That appeal is "the final administrative appeal." Id. The regulatory time limits can be extended when the inmate demonstrates a valid reason for delay. Id. Valid reasons include circumstances that prevented the inmate from filing on time. 28 C.F.R. § 542.14(b).

Federal prisoners generally must exhaust their administrative remedies before filing a federal habeas petition under 28 U.S.C. § 2241. Martinez, 804 F.2d at 571; Jiau v. Poole, 590 F. App'x 689, 690 (9th Cir. 2015). Because exhaustion is not a jurisdictional requirement, the district court has discretion to dismiss an unexhausted § 2241 petition without prejudice, or excuse the requirement and reach the merits. Jiau, 590 F. App'x at 690; Pavlovich v. Johnson, No. CV 16-749 PSG (SS), 2016 WL 3410195 at *2 (C.D. Cal. 2016).

Typically, though, a court's discretion to excuse the failure to exhaust is limited to situations where administrative remedies are inadequate or ineffective, pursuing them would be futile, or irreparable injury would result. Pavlovich, 2016 WL 3410195 at *2; Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004). One key consideration is whether "relaxation of the requirement would encourage the

deliberate bypass of the administrative scheme." Laing, 370 F.3d at 1000 (citation omitted).

### **Analysis**

Petitioner concedes that his claim is unexhausted. (Docket # 12 at 1.) He asks that his failure to exhaust his claim "be excused because the administrative remedy was effectively unavailable" to him. (Id. at 2.)

Petitioner's request is without merit. He doesn't deny that he failed to properly present the materials underlying his claim to the BOP regional office. He does deny that his claim was untimely, but he doesn't explain why he took no steps to correct the BOP's conclusion or (if his appeal actually was late) to demonstrate why he was unable to file his request on time. He also did not pursue his claim to a second-level appeal with the BOP's national office. As a result, the failure to exhaust his claim falls squarely in Petitioner's lap.

Importantly, the government's submission in this Court strongly suggests that he may still avail himself of the administrative review process. The government states that, should Petitioner re-submit a proper request to the BOP's regional office, the BOP wishes to "be provided with a full opportunity to consider Petitioner's request before he turns to this Court for relief." (Docket # 10 at 10.) That appears to conform to the federal regulations that allow Petitioner to re-submit his appeal (with adequate supporting documents) and demonstrate a valid reason for the delay. 28 C.F.R. §§ 542.14(b), 542.15. Petitioner can also file an appeal to the Office of General Counsel.[2] 28 C.F.R. § 542.15.

The Court concludes that the petition is subject to dismissal due to lack of exhaustion. Martinez, 804 F.2d at 571; Jiau, 590 F. App'x at 690; 28 C.F.R. § 542.15. Further, the Court declines to exercise its discretion to excuse

---

[2] Regardless of the forum, the BOP should closely examine Petitioner's contention that he submitted his original appeal to the regional office on January 12, but that it was not received until February 3, 2017. (Docket # 12 at 2, attachment.)

4

Petitioner's failure to exhaust.  Petitioner offers no proof that pursuing an additional administrative appeal would be futile or that the agency's administrative process is inadequate.  Under the circumstances, the Court will not allow Petitioner to "bypass" the administrative exhaustion process here.  <u>Laing</u>, 370 F.3d at 1000-01.

**CONCLUSION**

The Court concludes that Petitioner failed to properly exhaust his administrative remedies before filing this action.  The government's motion to dismiss is GRANTED.  The action is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: October 2, 2017

_____
HON. MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE